IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA BANEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-782 |
| | ) |
| THE MAY DEPARTMENT STORES COMPANY, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

## SYNOPSIS

Pending is a Motion for Summary Judgment filed by Defendants, The May Department Stores Company, Andrew Melissinos, and Jennifer Kaburik ("Defendants"). (Docket No. 18). After several notifications by the Court, Plaintiff has failed to file a Brief and/or a Response in Opposition thereto. Based on my Opinion set forth below, said Motion (Docket No. 18) is granted.

## I. BACKGROUND

Plaintiff, Donna Baney, is a former employee of Defendant, The May Department Stores Company ("the employer"). Her Complaint alleges claims of disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12101, *et seq.,* and the Pennsylvania Human Relations Act, 43 P.S.

§955(a), against the employer and the two individual Defendants, Andrew Melissinos and Jennifer Kaburik. (Docket No. 1, Counts I-IV). Defendants filed a Motion for Summary Judgment. (Docket No. 18). Despite repeated attempts by the Court to secure a response and/or brief in opposition, Plaintiff has failed to file any response to the Motion for Summary Judgment. The failure to file a response to a Motion for Summary Judgment alone, however, is not sufficient to justify the entry of summary judgment. Fed. R. Civ. P. 56; *Durant v. Husband*, 28 F.3d 12, 17 (3d Cir. 1994); *Anchorage Associates v. Virgin Islands Bd. of Tax Review,* 922 F.2d 168, 174-75 (3d Cir. 1990). There must be facts of record to support the claims on the merits. *Id.* Thus, even absent a response from Plaintiff, I must still engage in a legal analysis of the case to determine, based on the fact of record, if summary judgment is warranted. Fed. R. Civ. P. 56(e).

## II. LEGAL ANALYSIS

### A. Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.,* 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. *Id.*

Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex,* 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id.* at 324. Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988), *quoting Celotex*, 477 U.S. at 322.

**B.  Failure to Exhaust Plaintiff's ADA Claims - Counts I and III**

As a threshold matter, Defendants argue that Plaintiff failed to exhaust her administrative remedies with respect to her ADA claims.  (Docket No. 18).  It is well settled that federal district courts lack jurisdiction to hear ADA claims unless the claims were previously filed with the EEOC.  *Florida-Kaclik v. SSPC,* 124 Fed.Appx. 707, 709 (3d Cir. 2005); *Trevino-Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 878 (3d Cir. 1990), *citing Alexander v. Gardner Denver Co.*, 94 S.Ct. 1011, 1019 (1974).[1]  In other words, a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief in federal court.

In this case, the Complaint asserts that Plaintiff filed a charge with the Pennsylvania Human Relations Commission which "was dual filed with the EEOC" at her request.  (Docket No. 1, ¶3, 5, 6).  At the summary judgment stage of litigation, however, Plaintiff cannot rest merely upon her allegations in the Complaint.  Plaintiff must come forward with evidence of the same.  After repeated requests from this Court for a response to the Motion for Summary Judgment, however, Plaintiff has failed to supply this Court with any response, let alone any documentation, to support said allegations.   Thus, based on the fact that there is no evidence before me to support Plaintiff's bald allegation that she requested that her complaint filed with the PHRC be dual filed with the EEOC, I find that Plaintiff has not exhausted her administrative remedies with the EEOC regarding her discrimination and retaliation claims brought pursuant to the ADA.  Accordingly,

---

[1] A party who brings an employment discrimination claim under the ADA must follow the administrative procedures set forth in Title VII, 42 U.S.C. § 2000e-5. *See,* 42 U.S.C. § 12117(a).

4

there is no genuine issue that Plaintiff has failed to exhaust her administrative remedies with regard to her ADA claims. Consequently, summary judgment in favor of Defendants with regard to Counts I and III, Plaintiff's ADA claims, is warranted.

## C. <u>PHRA Claims - Counts II and IV</u>

The Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, is a Pennsylvania state statute that prohibits discrimination in employment. 43 P.S. § 955(a). The supplemental jurisdiction statute set forth in 28 U.S.C. § 1367(c) governs review by this court of Plaintiffs' state law claims. A federal district court may hear pendent state law claims when the federal claims have "substance sufficient to confer subject matter jurisdiction on the court, . . . the state and federal claims . . . derive from a common nucleus of operative fact and . . . plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). A district court, however, may decline to exercise supplemental jurisdiction over a state law claim if it has dismissed "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Declining to exercise supplemental jurisdiction is an administrative decision left to the sound discretion of the court and focuses on whether "the dismissal of the pendent claims best serves the principles of judicial economy, convenience, fairness and comity." *Perepchuk v. Friendly's Ice Cream Corp.*, No. CA 97-1988, 2000 WL 1372876, *8 (E.D. Pa. March 28, 2000), *citing Annulli v. Panikkar,* 200 F.3d 189, 202 (3d Cir.1999).

In a case such as this, where the federal claims brought under the ADA have been dismissed, there is little to gain in the way of convenience or judicial economy

in having this Court hear a case now consisting entirely of state claims. The principle of federal comity with the state courts also calls for me to decline jurisdiction. Therefore, Count II and IV of Plaintiff's Complaint are dismissed for lack of federal subject matter. 28 U.S.C. §1367(c)(3). The dismissal of the state-law claim is without prejudice and should not work to Plaintiff's disadvantage. Section 1367(d) provides for at least a 30-day tolling of any applicable statute of limitation so as to allow Plaintiff to refile her claims in state court.

* * * * * * * * * * * * * * * * * * * * * * * * *

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA BANEY, | ) |
| | ) |
|     Plaintiff, | ) |
|  -vs- | ) |
| | ) Civil Action No. 05-782 |
| | ) |
| THE MAY DEPARTMENT STORES COMPANY, et al., | ) |
| | ) |
| | ) |
|     Defendants. | ) |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

AND NOW, this **18th** day of May 2006, after careful consideration and for the reasons set forth in the Opinion accompanying this Order, it is Ordered that Defendants' Motion for Summary Judgment (Docket No. 18) is granted as to Counts I and III, violations of the ADA.

It is further Ordered that Plaintiff's state law claims (Counts II and IV: violation of the PHRA) are dismissed without prejudice for lack of jurisdiction pursuant to 28 U.S.C. §1367. This case is marked "Closed."

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge